1

**REESE RICHMAN LLP**
Michael R. Reese (State Bar No. 206773)

2
michael@reeserichman.com
Kim E. Richman

3
kim@reeserichman.com

4
875 Avenue of the Americas, 18th Floor
New York, New York 10001

5
Telephone: (212) 579-4625
Facsimile: (212) 253-4272

6

7
   - and -

8
**CENTER FOR SCIENCE IN THE PUBLIC INTEREST**
Stephen Gardner

9
5646 Milton Street, Suite 211
Dallas, Texas 75206

10
Telephone: (214) 827-2774
Facsimile: (214) 827-2787

11

12
*Attorneys for Plaintiff James Koh and the proposed class*
(additional counsel listed on signature page)

13

14
UNITED STATES DISTRICT COURT

15
NORTHERN DISTRICT OF CALIFORNIA

16
JAMES KOH, on behalf of himself, and those
similarly situated,

17

18
          Plaintiff,

19
       v.

20
THE COCA COLA COMPANY and ENERGY
BRANDS INC. (d/b/a GLACEAU),

21

22
         Defendant.

CV CASE 09 — 0182

**CLASS ACTION COMPLAINT**
Cal. Bus. & Prof. Code §17200 *et seq.* and
§17500 *et seq.*, Cal. Civ. Code §1750 *et seq.*, Fraud, Unjust Enrichment.

**Demand for Jury Trial**

MEJ

E-filing

FILED
JAN 1 4 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

23

24

25

26

27

28

REESE RICHMAN LLP, 875 AVENUE OF THE AMERICAS, 18TH FLOOR, NEW YORK, NEW YORK 10001

Plaintiff James Koh ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against The Coca-Cola Company and Energy Brands, Inc. d/b/a Glaceau (collectively "Defendants"), demanding a trial by jury, and alleges as follows:

**NATURE OF THE CASE**

1.     This is a proposed class action on behalf of California residents seeking redress for Defendants' deceptive practices in misrepresenting the nutritional content and health benefits of Defendants' purported "health beverage" – Glaceau VitaminWater ("VitaminWater") – in violation of California's consumer protection laws from January 15, 2005 to the present (the "Class Period").

2.     Consumers are increasingly health-conscious. Many consumers are trying to avoid soft drinks and are looking for a healthier beverage alternative.

3.     These health concerns fueled the consumption of VitaminWater, from which Defendants profited enormously. Defendants command a premium price for VitaminWater by distinguishing it from soft drinks (including its own), and by marketing and advertising it as a health beverage. On average, Defendants charge almost twice as much for VitaminWater as for one of their other soft drinks (e.g., Coca-Cola Classic, Diet Coke, Sprite, etc.). Sales of VitaminWater are estimated at more than half a billion dollars annually, with VitaminWater significantly increasing sales each year during the Class Period.

4.     Defendants' advertising and marketing campaigns, as well as its labeling of VitaminWater, deceptively promote VitaminWater as a healthy alternative to soft drinks. Contrary to Defendants' deceptive representations as alleged herein, VitaminWater is not a healthy beverage. Rather, it is sugar water – just like soft drinks – with a few added vitamins. Indeed, the amount of sugar in a bottle of VitaminWater is roughly equal to a can of soda.

5.     Defendants' misrepresentations about VitaminWater – from its healthful-sounding name and good-for-you health promises – bombard consumers with a message of purported health, and draw consumer attention away from the significant amount of sugar in the product. Reasonable consumers should not be forced to look beyond the misleading representations on VitaminWater labels and in other marketing, advertising and promotional materials to discover

-1-

the truth from the ingredients listed in small print on the back of the bottle. Instead, reasonable consumers should be able to trust that representations on the packaging and in-store advertising of VitaminWater are ultimately consistent with the ingredient list, and not the opposite as is the case with VitaminWater.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. §1332(d), because the aggregate claims of the Class exceed the sum or value of $5,000,000.00, and there is diversity of citizenship between proposed class members and Defendants.

7.    Venue is proper in this District pursuant to  28 U.S.C. §1391(a)(1) & (2). Substantial acts in furtherance of the alleged improper conduct occurred within this District. Plaintiff resides within this District and bought Defendants' Products within this District.

8.    Defendants are authorized to do business in California, have sufficient minimum contacts with California, and/or otherwise have intentionally availed themselves of the markets in California through the promotion, marketing, and sale of VitaminWater in California, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

## THE PARTIES

### Plaintiff

9.    Plaintiff James Koh ("Plaintiff") is a resident of San Francisco, California.  Plaintiff purchased VitaminWater during the Class Period. Specifically, Plaintiff purchased VitaminWater Rescue (Green Tea) and VitaminWater Revive (Fruit Punch) at their premium price approximately five times a month during the period of October 2007 to July 2008.  Plaintiff purchased this VitaminWater from several 7-Eleven convenience stores located in San Francisco and from a deli convenience store located in Daly City, California.  Plaintiff relied upon the written misrepresentations contained on VitaminWater bottles that VitaminWater is a healthy beverage and therefore believed he was ingesting a healthy beverage.  Plaintiff relied upon the written misrepresentations that VitaminWater was a healthy beverage in reaching his decision to

REESE RICHMAN LLP, 875 AVENUE OF THE AMERICAS, 18TH FLOOR NEW YORK, NEW YORK  10001

1   purchase VitaminWater. Had Plaintiff known the truth that the statements he relied upon were

2   false, he would have not purchased VitaminWater.

3       **Defendants**

4       10. The Coca-Cola Company ("Coca-Cola") is a Georgia corporation headquartered in

5   Atlanta, Georgia. Coca-Cola describes itself as the largest manufacturer, distributor and

6   marketer of nonalcoholic beverage concentrates and syrups in the world. During 2007, Coca-

7   Cola expanded its still beverage offerings by acquiring Energy Brands Inc., also known as

8   Glaceau, the maker of enhanced water brands including VitaminWater.

9       11. Defendant Energy Brands, Inc. (d/b/a as Glaceau) is a wholly owned subsidiary of

10   Coca-Cola. Defendant Energy Brands, Inc. is headquartered in Whitestone, New York.

11       **GENERAL ALLEGATIONS**

12       **Defendants Know That Consumers Desire Healthier Alternatives to Soft Drinks**

13       12. Riding on the success of bottled water, the beverage industry contrived a new way to

14   boost sales: "water beverages" enhanced with vitamins, fruit, herbs, antioxidants and more. As

15   sales in this category rose 30% in 2007, Defendants profited handsomely by their sale of

16   VitaminWater to consumers.

17       13. Defendants recognize the importance of marketing and labeling VitaminWater as a

18   healthy alternative to sugary soft drinks. In its Form 10-K Annual Report filed with the United

19   States Securities and Exchange Commission for the year 2007, Coca-Cola acknowledged that

20   "obesity and other health concerns may reduce demand for some of [its] products" and are risk

21   factors to its profits. Coca-Cola further stated that "some researchers, health advocates and

22   dietary guidelines are encouraging consumers to reduce consumption of certain types of

23   beverages, especially sugar-sweetened beverages. Increasing public awareness about these

24   issues … could affect our profitability."

25       14. Not surprisingly, VitaminWater does not name Coca-Cola anywhere on its

26   packaging or labeling; rather these purportedly healthy drinks are sold without any reference to

27   the soft drink manufacturer that produces them.

28

REESE RICHMAN LLP, 875 AVENUE OF THE AMERICAS, 18ᵀᴴ FLOOR NEW YORK, NEW YORK, 10001

**Defendants' Marketing, Advertising and Labeling Claims That VitaminWater Provides Health Benefits To Consumers**

15.   Defendants deceive consumers into believing that VitaminWater provides remarkable health benefits by marketing, advertising and labeling the VitaminWater flavors with names including: "defense," "rescue," "energy," "power-c," "balance," "focus," "revive," "endurance," "essential," "b-relaxed," "formula 50," "vital-t," "charge + -," and "multi-v."

16.   Defendants' VitaminWater labels proclaim that VitaminWater is a "Nutrient-Enhanced Water Beverage" and that "vitamins + water = all you need."

17.   In addition, the VitaminWater labels make additional claims touting the purported health benefits of drinking VitaminWater.  For example, the labels of VitaminWater's "defense" flavor claims as follows: "[I]f you've had to use sick days because you've actually been sick then you're seriously missing out, my friends.  [S]ee, the trick is to stay healthy and use sick to days to just um, not go in.  [A]nd this combination of zinc and fortifying vitamins can help out with that and keep you healthy as a horse.  [S]o drink up."

18.   In addition, the Vitamin Water labels make the following claims about the purported health benefits of drinking other flavors of VitaminWater:

- Rescue "is specially formulated to support optimal metabolic function with antioxidants that may reduce the risk of chronic diseases, and vitamins necessary for the generation and utilization of energy from food."

- Focus "is specially formulated to provide vitamin [A] (a nutrient known to be required for visual function), antioxidants and other nutrients [that] scientific evidence suggests may reduce the risk of age-related eye disease."

- Balance "is specially formulated with bioactive components that contribute to an active lifestyle by promoting healthy, pain-free functioning of joints, structural integrity of joints and bones, and optimal generation and utilization of energy from food."

- Defense "is specially formulated with nutrients required for optimal functioning of the immune system, and the generation and utilization of energy from food to support immune and other metabolic activities."

- B-Relaxed "is specially formulated with [B] vitamins and theanine. The [B] vitamins are there to replace those lost during times of stress (physical or mental). Theanine is an amino acid found naturally in tea leaves and has been shown to promote feelings of relaxation. This combination can help bring about a healthy state of physical and mental being."

- Power-C "is specially formulated with nutrients that enable the body to exert physical power by contributing to structural integrity of the musculoskeletal system, and by supporting optimal generation and utilization of energy from food."

19.  The central message of all of these claims is that drinking VitaminWater is good for one's health. However, as set forth below, this message is deceptive and misleading.

**VitaminWater is Not a Healthier Alternative to Soft Drinks**

20.  VitaminWater, the supposed "Nutrient Enhanced Water Beverage," does not deliver its promised benefits of health. In fact, VitaminWater may actually harm consumers' health.

21.  VitaminWater is loaded with sugar. In fact, each 20 ounce bottle contains approximately 33 grams of sugar. By comparison, a can of Coca-Cola Classic contains 39 grams of sugar.

22.  Diets high in added sugars – from such foods as sugar-sweetened beverages like VitaminWater – squeeze healthier foods out of the diet, thereby displacing foods that provide nutrients that reduce the risk of osteoporosis, cancer, heart disease, stroke, and other health problems.[1]

---

[1] *See* S. Bowman, *Diets of Individuals Based on Energy Intakes from Added Sugars,* 12 FAMILY ECON. NUTRITION REV. 31-8 (1999); G. Mrdjenovi & D.A. Levitsky, *Nutritional and Energetic Consequences of Sweetened Drink Consumption in 6- to 13-year-old Children,* 142 J. PEDIATRICS 604-10 (2003).

REESE RICHMAN LLP, 875 AVENUE OF THE AMERICAS, 18TH FLOOR NEW YORK, NEW YORK 10001

REESE RICHMAN LLP, 875 AVENUE OF THE AMERICAS, 18TH FLOOR NEW YORK, NEW YORK 10001

23.  Diets rich in added sugars contribute to obesity, the prevalence of which has risen dramatically in the last three decades in both youths and adults.[2]  Obesity, in turn, increases the risk of diabetes, heart disease, high blood pressure, and other health problems.[3]  In people who are "insulin resistant," high intakes of added sugars increase levels of blood triglycerides, which are associated with a higher risk of heart disease and diabetes.[4]  In addition, frequent consumption of foods rich in added sugars increases the risk of osteoporosis.[5]

24.  A scientific review of 30 publications (15 cross-sectional, ten prospective, and five experimental) found that consumption of sugar-sweetened beverages (like VitaminWater) may be a key contributor to the epidemic of overweight and obesity, by virtue of these beverages' high added sugar content, low satiety, and incomplete compensation for total energy.  The weight of epidemiologic and experimental evidence indicates that a greater consumption of sugar-sweetened beverages, like VitaminWater, is associated with weight gain and obesity.[6]

25.  As a result of its unlawful, unfair and fraudulent advertising and marketing practices, Defendants have made millions at the expense of the public health and trust, and continue to make millions through these unfair, unlawful and fraudulent advertising and marketing practices.

---

[2] *See* D.S. Ludwig, K.E. Peterson & S.L. Gortmaker, *Relationship between Consumption of Sugar-sweetened Drinks and Childhood Obesity,* 357 LANCET 505-8 (2001); C.S. Berkey, H.R. Rockett, A.E. Field, et al., *Sugar-added Beverages and Adolescent Weight Change,* 12 OBESITY RES. 778-88 (2004); C.M Apovian, *Sugar-sweetened Soft Drinks, Obesity, and Type 2 Diabetes,* 292 J. AM. MED. ASS'N 927-34 (2004); Ctr. for Disease Control and Prevention, Nat'l Ctr. for Health Statistics, *Prevalence of Overweight among Children and Adolescents: United States, 1999-2002, available at* www.cdc.gov/nchs/products/pubs/pubd/hestats/overwght99.htm; Ctr. for Disease Control and Prevention, Nat'l Ctr. for Health Statistics, *Prevalence of Overweight and Obesity among Adults: United States, 1999-2002, available at* www.cdc.gov/nchs/products/pubs/pubd/hestats/obese/obse99.htm.

[3] U.S. Surgeon General, U.S. Dep't of Health and Human Serv., *The Surgeon General's Call to Action to Prevent and Decrease Overweight and Obesity* (2001). *available at* www.surgeongeneral.gov/topics/obesity/calltoaction/CalltoAction.pdf.

[4] M.J. Stampfer, R.M Krauss, J. Ma, et al., *A Prospective Study of Triglyceride Level, Low-density Lipoprotein Particle Diameter, and Risk of Myocardial Infarction,* 276 J. AM. MED. ASS'N 882-8 (1996).

[5] S.J. Whiting, A. Healey & S. Psiuk, *Relationship between Carbonated and Other Low Nutrient Dense Beverages and Bone Mineral Content of Adolescents,* 32 NUTRITION RES. 1107-15 (2001).

[6] Vasanti S. Malik, Matthias B. Schulze & Frank B. Hu, *Intake of Sugar-sweetened Beverages and Weight Gain,* Vol. 84, No. 2 AM. J. OF CLINICAL NUTRITION, 274-288 (Aug. 2006).

1

## CLASS ACTION ALLEGATIONS

2      26.  Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules

3  of Civil Procedure.  The class that Plaintiff seeks to represent are composed of and defined as

4  follows:

5          **All Californians who purchased VitaminWater at any time from January 15,**

6      **2005 to present.  Excluded from the Class are officers and directors of**

7      **Defendants, members of the immediate families of the officers and directors**

8      **of Defendants, and their legal representatives, heirs, successors or assigns**

9      **and any entity in which they have or have had a controlling interest.**

10      27.  For purposes of this Complaint, the phrase "Class Members" shall refer collectively

11  to all members of this Class, including the named Plaintiff.

12      28.  This action has been brought and may properly be maintained as a class action

13  against Defendants pursuant to the provisions of Federal Rule of Civil Procedure 23 because

14  there is a well-defined community of interest in the litigation and the proposed Class is easily

15  ascertainable.

16      29.  Numerosity: Plaintiff does not know the exact size of the Class, but, based upon

17  Defendants' sales of VitaminWater, it is estimated that the Class is composed of more than

18  10,000 persons.  Furthermore, even if subclasses need to be created for these consumers, it is

19  estimated that each subclass would have thousands of members.  The persons in the Class are so

20  numerous that the joinder of all such persons is impracticable and the disposition of their claims

21  in a class action rather than in individual actions will benefit the parties and the courts.

22      30.  Common Questions Predominate: This action involves common questions of law

23  and fact to the potential Class because each Class Member's claim derives from the same

24  allegedly fraudulent, false, misleading, deceptive and/or unfair action.  The common questions

25  of law and fact involved predominate over questions that affect only Plaintiff or individual Class

26  Members.  Thus, proof of a common or single set of facts will establish the right of each member

27  of the Class to recover.  Among the questions of law and fact common to the Class are:

28

REESE RICHMAN LLP, 875 AVENUE OF THE AMERICAS, 18TH FLOOR NEW YORK, NEW YORK  10001

-7-

REESE RICHMAN LLP, 875 AVENUE OF THE AMERICAS, 18TH FLOOR NEW YORK, NEW YORK 10001

- Whether Defendants marketed, advertised, labeled and/or sold VitaminWater to Plaintiff, and those similarly situated, using false, misleading and/or deceptive statements or representations;

- Whether Defendants omitted and/or misrepresented material facts in connection with the marketing, advertising, labeling and/or sale of VitaminWater;

- Whether Defendants participated in and pursued the common course of conduct complained of herein;

- Whether Defendants' marketing, advertising, labeling and/or selling of VitaminWater constitutes an unfair, unlawful or fraudulent practice; and

- Whether, and to what extent, injunctive relief should be imposed on Defendants to prevent such conduct in the future.

31. Typicality: Plaintiff's claims are typical of the Class because he bought VitaminWater during the Class Period. Defendants' allegedly unlawful, unfair and/or fraudulent actions, concern the same business practices described herein irrespective of where they occurred or were received. Thus, Plaintiff and Class Members sustained the same injuries and damages arising out of Defendants' conduct in violation of California law. The injuries and damages of each Class Member were caused directly by Defendants' wrongful conduct in violation of law as alleged herein.

32. Adequacy: Plaintiff will fairly and adequately protect the interests of all Class Members because it is in his best interest to prosecute the claims alleged herein to obtain full compensation due to him for the illegal conduct of which he complains. Plaintiff also has no interests that conflict with or are antagonistic to the interests of Class Members. Plaintiff has retained highly competent and experienced class action attorneys to represent his interests and that of the Class. No conflict of interest exists between Plaintiff and Class Members because all questions of law and fact regarding liability of Defendants are common to Class Members and predominate over any individual issues that may exist, such that by prevailing on their own claim, Plaintiff necessarily will establish Defendants' liability to all Class Members. Plaintiff

and his counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the Class Members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for Class Members.

33. Superiority: There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for Defendants and result in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.

34. The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

35. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

///
///
///
///
///
///
///

-9-

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (Business and Professions Code § 17200, *et seq*. –

### Unlawful Business Acts and Practices)

36. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

37. Such acts of Defendants, as described above, and each of them, constitute unlawful business acts and practices.

38. In this regard, Defendants' manufacturing, marketing, advertising, packaging, labeling, distributing and selling of VitaminWater violates California's Sherman Food, Drug and Cosmetics Law, Cal. Health & Saf. Code, §109875, et seq. (the "Sherman Law").

39. In relevant part, the Sherman Act declares that food is misbranded if its labeling is false or misleading in any particular way and further provides that it is unlawful for any person to misbrand any food. Cal. Health & Saf. Code, §§ 110660, 110765.

40. The Sherman Law defines a "person" as "any individual, firm, partnership, trust, corporation, limited liability company, company, estate, public or private institution, association, organization, group, city, county, city and county, political subdivision of this state, other governmental agency within the state, and any representative, agent, or agency of any of the foregoing." Cal. Health & Saf. Code, §§ 109995. Each Defendant is a corporation and, therefore, a "person" within the meaning of the Sherman Act.

41. The business practices alleged above are unlawful under the Consumers Legal Remedy Act, Cal. Civ. Code §1750, et seq. ("CLRA"), which forbids deceptive advertising.

42. The business practices alleged above are unlawful under §17200, *et seq.* by virtue of violating §17500, *et seq.*, which forbids untrue advertising and misleading advertising.

43. As a result of the business practices described above, Plaintiff and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct on the part of Defendants and such other orders and judgments which may be

REESE RICHMAN LLP, 875 AVENUE OF THE AMERICAS, 18TH FLOOR NEW YORK, NEW YORK 10001

1   necessary to disgorge Defendants' ill-gotten gains and to restore to any person in interest any

2   money paid for VitaminWater as a result of the wrongful conduct of Defendants.

3       44.   The above-described unlawful business acts and practices of Defendants, and each

4   of them, present a threat and reasonable likelihood of deception to Plaintiff and members of the

5   Class in that Defendants have systematically perpetrated and continue to perpetrate such acts or

6   practices upon members of the Class by means of their misleading manufacturing, marketing,

7   advertising, packaging, labeling, distributing and selling of VitaminWater.

8       45.   THEREFORE, Plaintiff prays for relief as set forth below.

9

10                          **SECOND CAUSE OF ACTION**

11                  **(Business and Professions Code § 17200, *et seq.* –**

12                          **Unfair Business Acts and Practices)**

13      46.   Plaintiff repeats each and every allegation contained in the paragraphs above and

14   incorporates such allegations by reference herein.

15      47.   Such acts of Defendants, as described above, and each of them, constitute unfair

16   business acts and practices.

17      48.   Plaintiff, and other members of the Class who purchased Defendants' VitaminWater,

18   suffered a substantial injury by virtue of buying VitaminWater they would not have purchased

19   absent Defendants' unfair marketing, advertising, packaging and labeling or by paying an excessive

20   premium price for the unfairly marketed, advertised, packaged and labeled VitaminWater.

21      49.   There is no benefit to consumers or competition by deceptively marketing, advertising,

22   packaging and labeling water beverages.  Indeed, the harm to consumers and competition is

23   substantial.

24      50.   Plaintiff and other members of the Class who purchased Defendants' VitaminWater

25   had no way of reasonably knowing that VitaminWater they bought was not as marketed,

26   advertised, packaged and labeled.  Thus, they could not have reasonably avoided the injury each

27   of them suffered.

28

REESE RICHMAN LLP, 875 AVENUE OF THE AMERICAS, 18TH FLOOR NEW YORK, NEW YORK  10001

-11-

51.   The gravity of the consequences of Defendants' conduct as described above outweighs any justification, motive or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and is immoral, unethical, unscrupulous, offends established public policy or is substantially injurious to Plaintiff and other members of the Class.

52.   As a result of the business acts and practices described above, Plaintiff and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct on the part of Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to any person in interest any money paid for VitaminWater as a result of the wrongful conduct of Defendants.

53.   THEREFORE, Plaintiff prays for relief as set forth below.

## THIRD CAUSE OF ACTION

### (Business and Professions Code § 17200, *et seq*. –

### Fraudulent Business Acts and Practices)

54.   Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

55.   Such acts of Defendants as described above, and each of them, constitute fraudulent business practices under California Business and Professions Code sections § 17200, *et seq*.

56.   As more fully described above, Defendants' misleading marketing, advertising, packaging and labeling of VitaminWater is likely to deceive reasonable California consumers. Indeed, Plaintiff and other members of the Class were unquestionably deceived regarding the characteristics of Defendants' VitaminWater, as Defendants' marketing, advertising, packaging and labeling of VitaminWater misrepresent and/or omit the true contents of VitaminWater. Said acts are fraudulent business acts and practices.

57.   This fraud and deception caused Plaintiff and members of the Class to purchase more of VitaminWater than they would have or pay more than they would have for VitaminWater had they known the true ingredients.

REESE RICHMAN LLP, 875 AVENUE OF THE AMERICAS, 18TH FLOOR NEW YORK, NEW YORK 10001

58.  As a result of the business acts and practices described above, Plaintiff and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct on the part of Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to any person in interest any money paid for VitaminWater as a result of the wrongful conduct of Defendants.

59.  THEREFORE, Plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION

**(Business and Professions Code § 17500, *et seq*. –**

**Misleading and Deceptive Advertising)**

60.  Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

61.  Plaintiff asserts this cause of action for violations of California Business and Professions Code §17500, et seq. for misleading and deceptive advertising against Defendants.

62.  At all material times, Defendants engaged in a scheme of offering their VitaminWater for sale to Plaintiff and other members of the Class by way of, *inter alia*, commercial marketing and advertising, the World Wide Web (Internet), product packaging and labeling, and other promotional materials.  These materials misrepresented and/or omitted the true contents of VitaminWater.  Said advertisements and inducements were made within the State of California and come within the definition of advertising as contained in Business and Professions Code §17500, *et seq*. in that such promotional materials were intended as inducements to purchase VitaminWater and are statements disseminated by Defendants to Plaintiff and the Class and were intended to reach members of the Class. Defendants knew, or in the exercise of reasonable care should have known, that these statements were misleading and deceptive.

63.  In furtherance of said plan and scheme, Defendants have prepared and distributed within the State of California via commercial marketing and advertising, the World Wide Web (Internet), product packaging and labeling, and other promotional materials, statements that

REESE RICHMAN LLP, 875 AVENUE OF THE AMERICAS, 18TH FLOOR NEW YORK, NEW YORK 10001

misleadingly and deceptively represent the ingredients contained in VitaminWater. Consumers,

including Plaintiff, necessarily and reasonably relied on these materials concerning

VitaminWater. Consumers, including Plaintiff and the Class, were among the intended targets

of such representations.

64. The above acts of Defendants, in disseminating said misleading and deceptive

statements throughout the State of California to consumers, including Plaintiff and members of

the Class, were and are likely to deceive reasonable consumers, including Plaintiff and other

members of the Class, by obfuscating the true ingredients of VitaminWater, all in violation of

the "misleading prong" of California Business and Professions Code § 17500.

65. As a result of the above violations of the "misleading prong" of Business and

Professions Code § 17500, *et seq.*, Defendants have been unjustly enriched at the expense of

Plaintiff and the other members of the Class. Plaintiff and the Class, pursuant to Business and

Professions Code § 17535, are entitled to an order of this Court enjoining such future conduct on

the part of Defendants, and such other orders and judgments which may be necessary to disgorge

Defendants' ill-gotten gains and restore to any person in interest any money paid for

VitaminWater as a result of the wrongful conduct of Defendants.

66. THEREFORE, Plaintiff prays for relief as set forth below.

## FIFTH CAUSE OF ACTION

**(Business and Professions Code § 17500, *et seq.* - Untrue Advertising)**

67. Plaintiff repeats each and every allegation contained in the paragraphs above and

incorporates such allegations by reference herein.

68. Plaintiff asserts this cause of action for violations of California Business and

Professions Code § 17500, et seq., for untrue advertising against Defendants.

69. At all material times, Defendants have engaged in a scheme of offering

VitaminWater for sale to Plaintiff and other members of the Class by way of, *inter alia*,

commercial marketing and advertising, the World Wide Web (Internet), product packaging and

labeling, and other promotional materials. These materials misrepresented and/or omitted the

-14-

true contents of VitaminWater. Said advertisements and inducements were made within the State of California and come within the definition of advertising as contained in Business and Professions Code §17500, *et seq.* in that such promotional materials were intended as inducements to purchase VitaminWater and are statements disseminated by Defendants to Plaintiff and the Class and were intended to reach members of the Class. Defendants knew, or in the exercise of reasonable care should have known, that these statements were untrue.

70. In furtherance of said plan and scheme, Defendants have prepared and distributed within the State of California via commercial marketing and advertising, the World Wide Web (Internet), product packaging and labeling, and other promotional materials, statements that falsely advertise the ingredients contained in VitaminWater. Consumers, including Plaintiff and the Class, are among the intended targets of such representations and would reasonably be deceived by such promotional materials.

71. The above acts of Defendants in disseminating said untrue advertising throughout the State of California deceived Plaintiff and the other members of the Class by obfuscating the nature and quality of VitaminWater, all in violation of the "untrue prong" of California Business and Professions Code §17500.

72. As a result of the above violations of the "untrue prong" of Business and Professions Code § 17500, *et seq.*, Defendants have been unjustly enriched at the expense of Plaintiff and the other members of the Class. Plaintiff and the Class, pursuant to Business and Professions Code § 17535, are entitled to an order of this Court enjoining such future conduct on the part of Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore to any person in interest any money paid for VitaminWater as a result of the wrongful conduct of Defendants.

73. THEREFORE, Plaintiff prays for relief as set forth below.

///

///

///

///

REESE RICHMAN LLP, 875 AVENUE OF THE AMERICAS, 18TH FLOOR NEW YORK, NEW YORK 10001

1

## SIXTH CAUSE OF ACTION

2

### (Consumers Legal Remedies Act - Cal. Civ. Code §1750, *et seq.*)

3      74.  Plaintiff realleges and incorporates by reference the paragraphs stated above in this

4   Class Action Complaint as set forth herein.

5      75.  This cause of action is brought pursuant to the California Consumers Legal

6   Remedies Act, Cal. Civ. Code §1750, *et seq.* (the "CLRA").  This cause of action does not seek

7   monetary damages at this point, but is limited solely to injunctive relief.  Plaintiff will amend

8   this Class Action Complaint to seek damages in accordance with the CLRA after providing

9   Defendants with notice pursuant to Cal. Civ. Code § 1782.

10      76.  Defendants' actions, representations and conduct has violated, and continues to

11   violate the CLRA, because they extend to transactions that are intended to result, or which have

12   resulted, in the sale of lease of goods or services to consumers.

13      77.  Plaintiff and other Class Members are "consumers" as that term is defined by the

14   CLRA in Cal. Civ. Code §1761(d).

15      78.  The VitaminWater that Plaintiff and other members of the Class purchased from

16   Defendants were "goods" within the meaning of Cal. Civ. Code §1761(a).

17      79.  By engaging in the actions, misrepresentations and misconduct set forth in this Class

18   Action Complaint, Defendants have violated, and continue to violate, §1770(a)(7) of the CLRA.

19   Specifically, in violation of Cal. Civ. Code § 1770(a)(7), Defendants' acts and practices

20   constitute unfair methods of competition and unfair or fraudulent acts or practices in that they

21   misrepresent the particular standard, quality or grade of the goods.

22      80.  By engaging in the actions, misrepresentations and misconduct set forth in this Class

23   Action Complaint, Defendants have violated, and continue to violate, §1770(a)(16) of the

24   CLRA. Specifically, in violation of Cal. Civ. Code §1770(a)(16), Defendants' acts and practices

25   constitute unfair methods of competition and unfair or fraudulent acts or practices in that they

26   represent that a subject of a transaction has been supplied in accordance with a previous

27   representation when they have not.

28

1    81.  Plaintiff requests that this Court enjoin Defendants from continuing to employ the

2   unlawful methods, acts and practices alleged herein pursuant to Cal. Civ. Code §1780(a)(2).  If

3   Defendants are not restrained from engaging in these types of practices in the future, Plaintiff

4   and other members of the Class will continue to suffer harm.

5    82.  THEREFORE, Plaintiff prays for relief as set forth below.

6

7                              **SEVENTH CAUSE OF ACTION**

8                          **(Fraud, Deceit and/or Misrepresentation)**

9    83.  Plaintiff realleges and incorporates by reference the above paragraphs of this Class

10   Action Complaint as if set forth herein.

11    84.  Defendants, through their labeling, advertising and marketing of VitaminWater,

12   make uniform representations and offers regarding the quality of VitaminWater as described

13   above.  Defendants engaged in, and continue to engage in, such fraudulent, misrepresentative,

14   false and/or deceptive acts with full knowledge that such acts were, and are, in fact,

15   misrepresentative, false or deceptive.

16    85.  The aforementioned fraud, misrepresentations, deceptive, and/or false acts and

17   omissions concern material facts that are essential to the analysis undertaken by Plaintiff, and

18   those similarly situated, in deciding whether to purchase Defendants' beverage VitaminWater.

19    86.  Plaintiff, and those similarly situated, would have acted differently had they not been

20   misled – i.e. they would not have paid money for the Product in the first place.

21    87.  Defendants have a duty to correct the misinformation they disseminate through their

22   advertising of VitaminWater.  By not informing Plaintiff, and those similarly situated,

23   Defendants breached this duty.  Defendants also gained financially from, and as a result of this

24   breach.

25    88.  By and through such fraud, deceit, misrepresentations and/or omissions, Defendants

26   intended to induce Plaintiff, and those similarly situated, to alter their position to their detriment.

27    89.  Plaintiff and those similarly situated, justifiably and reasonably relied on

28   Defendants' misrepresentations, and, as such, were damaged by Defendants.

REESE RICHMAN LLP, 875 AVENUE OF THE AMERICAS, 18ᵀᴴ FLOOR NEW YORK, NEW YORK 10001

90. As a direct and proximate result of Defendants' fraud, deceit and/or misrepresentations, Plaintiff, and those similarly situated, have suffered damages in an amount equal to the amount they paid for Defendants' VitaminWater. The exact amount of this difference will be proven at trial.

91. Defendants acted with intent to defraud, or with reckless or negligent disregard of the rights of, Plaintiff, and those similarly situated.

92. Plaintiff, and those similarly situated, are entitled to punitive damages.

93. THEREFORE, Plaintiff prays for relief as set forth below.

## **EIGHTH CAUSE OF ACTION**

### **(Unjust Enrichment)**

94. Plaintiff realleges and incorporates by reference the above paragraphs of this Class Action Complaint as if set forth herein.

95. As a result of Defendants' deceptive, fraudulent and misleading labeling, advertising, marketing and sales of VitaminWater, Defendants were enriched, at the expense of Plaintiff, and all others similarly situated, through the payment of the purchase price for Defendants' beverage VitaminWater.

96. Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that it received from Plaintiff, and all others similarly situated, in light of the fact that the VitaminWater purchased by Plaintiff, and all others similarly situated, was not what Defendants purported it to be. Thus, it would be unjust or inequitable for Defendants to retain the benefit without restitution to Plaintiff, and all others similarly situated, for the monies paid to Defendants for such VitaminWater.

97. THEREFORE, Plaintiff prays for relief as set forth below.

///

///

///

///

## PRAYER FOR RELIEF

THEREFORE, Plaintiff prays for judgment as follows:

- Certification of the Class, certifying Plaintiff as representative of the Class, and designating his counsel as counsel for the Class;

- A declaration that Defendants have committed the violations alleged herein;

- For restitution and disgorgement pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq.* and 17500, *et seq.*;

- For declaratory and injunctive relief pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq.* and 17500, *et seq.*;

- For declaratory and injunctive relief only pursuant to California Civil Code § 1780, as Plaintiff through this Complaint at this point expressly does not seek any monetary type of relief pursuant to the CLRA;

- An award of compensatory damages, the amount of which is to be determined at trial;

- For punitive damages;

- For interest at the legal rate on the foregoing sums;

- For costs of suit incurred; and

- For such further relief as this Court may deem just and proper.


## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: January 13, 2009         **REESE RICHMAN LLP**

Michael R. Reese
Kim E. Richman
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone: (212) 579-4625
Facsimile: (212) 253-4272

REESE RICHMAN LLP, 875 AVENUE OF THE AMERICAS, 18TH FLOOR NEW YORK, NEW YORK 10001

- and -

**WHATLEY DRAKE & KALLAS, LLC**
Patrick J. Sheehan
60 State Street
Seventh Floor
Boston, Massachusetts 02109
Telephone: (617) 573-5118
Facsimile:  (617) 573-5090

**WHATLEY DRAKE & KALLAS, LLC**
Deborah Clark-Weintraub
1540 Broadway – 37th Floor
New York, New York 10036
Telephone: (212) 447-7070
Facsimile:  (212) 447-7077

**CENTER FOR SCIENCE IN THE PUBLIC INTEREST**
Stephen Gardner
5646 Milton Street - Suite 211
Dallas, Texas 75206
Telephone: (214) 827-2774
Facsimile:  (214) 827-2787

**CENTER FOR SCIENCE IN THE PUBLIC INTEREST**
Katherine Campbell
1875 Connecticut Ave. N.W. - Suite 300
Washington, DC 20009
Telephone: (202) 332-9110
Facsimile:  (202) 265-4954

*Attorneys for Plaintiff and the Proposed Class*